### 11980.  NATIONAL CASH REGISTER CO. *v.* HENDERSON FURNITURE CO.

Waiver of fraud in the procurement of the original contract, by executing the new contract with knowledge of that fraud, did not prevent rescission for fraud in the procurement of the latter contract.

DECIDED APRIL 14, 1921.

Attachment; from Colquitt superior court — Judge Thomas. November 9, 1920.

*Dowling & Askew,* for plaintiff. *Hill & Gibson,* for defendant.

HILL, J.  The defendant bought from the plaintiff a cash-register on express warranty that it would give certain definite results. He made a cash payment and gave his notes for the balance of the purchase-price.  On receipt of the register it was found to be defective in its physical construction, and would not perform the particular kind of work demanded by the defendant and which at the time of the purchase the plaintiff represented it would perform.  The plaintiff admitted these defects and entered into a new contract with the defendant to furnish another register of exactly the kind described by the defendant as necessary to his business.  Relying upon these statements made to him by the plaintiff, the defendant agreed to the second contract.  When the second register was delivered to the defendant for use, he discovered, after thoroughly testing it, that the representations and statements of the plaintiff as to the efficiency of the register to perform the work demanded were false and fraudulent.  When the defendant discovered that the second contract had been secured from him by these false and fraudulent representations he promptly

tendered the register back to the plaintiff, while it was in the condition in which he had received it, and demanded the return of the cash paid as the initial payment on the first contract, and a rescission of the second contract. The plaintiff refused compliance with the defendant's demand, and brought suit on the purchase-money notes executed at the time of the purchase of the first register. The defendant filed an answer, setting up substantially the facts stated above and assumed the burden, and the verdict was in his favor. The plaintiff's motion for a new trial, based on the general grounds alone, was overruled.

The court did not err in overruling the motion. The principle that even if there had been fraud in the procurement of the first contract, it was waived by the defendant when he executed the second contract with knowledge of its existence has no application, because here fraud is also alleged in connection with procurement of the second contract.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*